UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

TAMMY LYNNE PEARCE,             Chapter 7
                                               Case No. 19-42559-PJS
           Debtor.                      Hon. Phillip J. Shefferly
_____/

## MOTION FOR ORDER AUTHORIZING
## TRUSTEE TO COMPROMISE CLAIMS

K. Jin Lim, the Chapter 7 Trustee of Tammy Lynne Pearce, by her attorney Sandra O'Connor Law, PLLC, submits this motion pursuant to Fed. R. Bankr. P. 6007(a), 9019(a) & 9014 and 11 U.S.C. § 554(a), for entry of an order authorizing the Trustee to compromise the bankruptcy estate's claims against Gail Wrobbel and to abandon property of the estate (See Exhibit 1).

IN SUPPORT of this motion, the Trustee states:

### Jurisdiction

1. This is a contested matter brought pursuant to Fed. R. Bankr. P. 6007(a), 9014 & 9019(a) and 11 U.S.C. § 554(a).

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (E), (H) & (O) over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(1).

## Facts

3. On February 25, 2019, Tammy Lynne Pearce ("the debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

4. K. Jin Lim is the duly appointed Chapter 7 Trustee of the debtor's bankruptcy estate ("Trustee").

5. The Trustee has asserted claims against debtor's sister Gail Wrobbel relating to the property located at 29038 Alvin, Garden City, Michigan ("the property").

6. The facts relating to the property are complex. Specifically, the debtor and her ex-husband entered into a land contract for the purchase of the property. Gail Wrobbel agreed to be a guarantor for the funds owed on the land contract. Prior to signing the land contract, the debtor and her ex-husband executed a deed conveying the property to Gail Wrobbel to secure her interest as a guarantor. The debtor claims that the deed was fraudulent and that she never signed it. The debtor and her ex-husband subsequently defaulted on the land contract. Gail Wrobbel paid off the balance due under the land contract and recorded the aforementioned deed. The debtor and Gail Wrobbel subsequently entered into a lease for the debtor to rent the property from Gail Wrobbel.

7. It is the Trustee's position that the transfer of the property that was perfected by Gail Wrobbel recording the deed was a constructive fraudulent transfer.

Gail Wrobbel contends that she had an equitable mortgage with respect to the property and that the debtor therefore received reasonably equivalent value in exchange for the transfer.

8. The Trustee now seeks to compromise her claims against Gail Wrobbel in exchange for payment of $10,000.00, which has already been received by the Trustee. In exchange for the payment, the Trustee seeks to release her claims against Gail Wrobbel, abandon the property, and permit Gail Wrobbel to file a claim in this case.

9. The Trustee notes that this settlement will not affect the debtor and Gail Wrobbel's claims with respect to the property outside of the bankruptcy case. It will simply remove the Trustee and the bankruptcy estate from the equation and allow the debtor and Gail Wrobbel to continue their dispute over the property outside of bankruptcy.

10. The proposed settlement will allow the Trustee to pay administrative expenses and make a substantial distribution to unsecured creditors. In addition, the Trustee will be able to save the bankruptcy estate the time, administrative expenses, and risks associated with prosecuting an adversary proceeding.

**Argument**

11. The Trustee believes that this settlement is in the best interests of the bankruptcy estate and its creditors for the reasons that, among others, the settlement

saves the time and costs of litigation, avoids the risk of an adverse decision, and results in a favorable settlement.

12. The Sixth Circuit Court of Appeals has explained that the bankruptcy court may approve a settlement if it is fair and equitable. Papas v. Buchwald Capital Advisors, LLC (In re: Greektown Holdings, LLC), 728 F.3d 567, 575 (6th Cir. 2013).

13. The Sixth Circuit Court of Appeals has set forth four (4) factors that a bankruptcy court should consider when evaluating the fairness of a settlement as follows:

    a. The probability of success in the litigation;

    b. The difficulties, if any, to be encountered in the matter of collection;

    c. The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    d. The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

Id. (citing Bard v. Sicherman (In re Bard), 49 Fed. App'x 528, 530 (6th Cir. 2002).

14. The Trustee, in recommending that this Court approve the proposed compromise, has given due weight to the four (4) criteria set forth above and believes that the proposed compromise is fair, equitable and in the best interest of all interested parties.

4

WHEREFORE, the Trustee requests that this Court enter an order approving the compromise, and permitting the Trustee to execute any further documents necessary to consummate the compromise.

Respectfully Submitted,

SANDRA O'CONNOR LAW, PLLC

Dated: July 5, 2019  /s/ Sandra L. O'Connor
SANDRA L. O'CONNOR (P70984)
Attorney for Trustee
101 West Big Beaver Road, Suite 225
Troy, MI 48084
(248) 817-6669
sandra@sandraoconnorlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

TAMMY LYNNE PEARCE,   Chapter 7
   Case No. 19-42559-PJS
   Debtor.   Hon. Phillip J. Shefferly
_____/

**ORDER AUTHORIZING TRUSTEE TO COMPROMISE CLAIMS**

This matter having come before the Court upon the Trustee's Motion for Order Authorizing Trustee to Compromise Claims ("the Motion") and the Stipulation for Entry of Order Authorizing Trustee to Compromise Claims; the Trustee and Gail Wrobbel having agreed to entry of this Order to resolve the Trustee's claims against Gail Wrobbel; no objections to the Motion having been timely filed and served; and the Court being otherwise duly advised in the premises:

IT IS HEREBY ORDERED that the Motion is granted.

IT IS FURTHER ORDERED that Gail Wrobbel shall pay the bankruptcy estate the amount of $10,000.00 upon execution of the Stipulation for Entry of Order Authorizing Trustee to Compromise Claims. The Trustee acknowledges receipt of the payment.

# EXHIBIT 1

IT IS FURTHER ORDERED that, upon payment of the $10,000.00 settlement amount and entry of this Order, Gail Wrobbel shall be released from the bankruptcy estate's claims against her.

IT IS FURTHER ORDERED that the property located at 29038 Alvin, Garden City, Michigan is abandoned by the bankruptcy estate.

IT IS FURTHER ORDERED that Gail Wrobbel is allowed a general unsecured claim for $121,813.80. Gail Wrobbel shall file a general unsecured proof of claim in the amount of $121,813.80 within seven (7) days of entry of this Order, which shall not be subject to objections by any interested parties.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

TAMMY LYNNE PEARCE,             Chapter 7
                                                    Case No. 19-42559-PJS
       Debtor.                            Hon. Phillip J. Shefferly
_____/

29038 Alvin Court
Garden City, MI 48135
xxx-xx-4791

**NOTICE AND OPPORTUNITY FOR HEARING REGARDING MOTION FOR ORDER AUTHORIZING TRUSTEE TO COMPROMISE CLAIMS**

       K. Jin Lim, the Chapter 7 Trustee of Tammy Lynne Pearce, has filed a Motion for Order Authorizing Trustee to Compromise Claims with respect to the Trustee's claims against debtor's sister Gail Wrobbel.

       The parties have agreed to resolve the claims, subject to Bankruptcy Court approval, in exchange for payment of $10,000.00 to the bankruptcy estate, which has already been received. Pursuant to the terms of the settlement, the property located at 29038 Alvin, Garden City, Michigan will be abandoned by the bankruptcy estate. Gail Wrobbel will also be allowed a general unsecured claim in this case.

       The settlement will allow the Trustee to pay administrative expenses and make a distribution to unsecured creditors. The Trustee believes that the proposed compromise is in the best interest of the bankruptcy estate.

       **<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

       If you do not want the Court to grant the relief sought in the motion or if you want the Court to consider your views on the motion, within 21 days, you or your attorney must:

# EXHIBIT 2

1. File with the court a written objection or request for hearing, explaining your position, at:[1]

   United States Bankruptcy Court
   211 W. Fort Street, Suite 1700
   Detroit, Michigan 48226

   If you mail your objection or request for hearing to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the 21 day period expires. All attorneys are required to file pleadings electronically.

2. You must also send a copy to:

   Sandra L. O'Connor, Esq.
   Sandra O'Connor Law, PLLC
   101 West Big Beaver Road, Suite 225
   Troy, MI 48084

   If an objection or request for hearing is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

   **If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

   Respectfully Submitted,

   SANDRA O'CONNOR LAW, PLLC

Dated: July 5, 2019

/s/ Sandra L. O'Connor
SANDRA L. O'CONNOR (P70984)
Attorney for Trustee
101 West Big Beaver Road, Suite 225
Troy, MI 48084
(248) 817-6669
sandra@sandraoconnorlaw.com

---

[1] Objection or request for hearing must comply with F.R. Civ. P. 8(b), (c) and (e).

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

TAMMY LYNNE PEARCE,    Chapter 7
                       Case No. 19-42559-PJS
   Debtor.             Hon. Phillip J. Shefferly
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2019, I electronically filed 1) Motion for Order Authorizing Trustee to Compromise Claims; 2) Notice of Motion for Order Authorizing Trustee to Compromise Claims; and 3) Certificate of Service with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Office of the U.S. Trustee           K. Jin Lim, Esq.
211 W. Fort Street, Suite 700        176 S. Harvey
Detroit, MI 48226                    Plymouth, MI 48170

George Blackmore, Esq.
21411 Civic Center Drive, Ste. 200
Southfield, MI 48076

I hereby certify that on July 5, 2019, I mailed by first class mail with the United States Postal Service Notice of Motion for Order Authorizing Trustee to Compromise Claims to the following non-ECF participants:

All creditors on the court's mailing matrix.

# EXHIBIT 4

SANDRA O'CONNOR LAW, PLLC

/s/ Sandra L. O'Connor
SANDRA L. O'CONNOR (P70984)
Attorney for Trustee
101 West Big Beaver Road, Suite 225
Troy, MI 48084
(248) 817-6669
sandra@sandraoconnorlaw.com